IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA SUE KING,

                Plaintiff,                OPINION and ORDER

      v.                                    16-cv-271-wmc

LYNNE GREEN, AL OLSON and
ANDREW HEIDT,

                Defendants.

---

MELISSA SUE KING,

                Plaintiff,                OPINION and ORDER

      v.                                    16-cv-272-wmc

HO CHUNK NATION, LYNN GREEN,
MARY LYNNE GREEN, JANET PARMENTON,
DECORAH, FUNMAKER et al., SANDY WINNESHIEK et al.,
JAMES GREEN, STEPHEN GREEN and EARL LEMIEUX,

                Defendants.

---

MELISSA SUE KING,

                Plaintiff,                OPINION and ORDER

      v.                                    16-cv-354-wmc

LORNA IONA GARWOOD, McGRAW HEIM MECUM,
I.E. ALLEN RICHARD, LAYNE EDWARD,
WYLEEN IONA McGRAW and DAWN GARDNER,

                Defendants.

---

1

MELISSA SUE KING,

                      Plaintiff,                                 OPINION and ORDER

        v.                                                              16-cv-493-wmc

JANE M. MONGOLD, ERIC CONWAY,
J. THERESA ARMSTRONG and JOHN G. ARMSTRONG,

                      Defendants.

      Plaintiff Melissa Sue King has filed four new civil actions, which accuse several individual of harassing and abusing her family and her, including by engaging in various criminal and illegal activities. King alleges that as a result of their actions, she has been illegally detained and subjected to numerous illegal court and other proceedings. Among other relief, King requests that this court: (1) void all custody and other proceedings that were obtained via fraud and duress; (2) provide safe housing and work for her family and her; and (3) free her children from bondage and restore their human rights. She has also filed motions for injunctive relief, making similar requests for court assistance. Finally, she has filed a motion for emergency injunctive relief related to her apparent eviction by Madison's Community Development Authority, although it is not clear how her eviction relates to the other allegations in her complaints.

      Because King seeks leave in each of these actions to proceed without prepayment of fees and costs, the court must screen the proposed complaints under 28 U.S.C. § 1915(e)(2) to determine, among other things, whether she states "a claim on which relief may be granted." Even giving King every benefit under the "less stringent standard" applicable to the pleadings of a *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), none of King's

complaints provide sufficient information for this court to determine whether (1) subject matter jurisdiction exists or (2) whether King would be entitled to any relief against any of the named defendants in any of her lawsuits.

As an initial matter, the allegations in King's four complaints are strikingly similar to allegations she made in a previous case in this court. *See King v. McGraw, et al.*, No. 15-cv-257-wmc. That case was dismissed on August 21, 2015, for lack of subject matter jurisdiction. As the court explained to King in multiple orders, federal courts have limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. It is clear from the complaint that the court cannot exercise jurisdiction under § 1332, because King and the named defendants all live in Wisconsin. This leaves only § 1331.

In order for the court to exercise jurisdiction under § 1331, King's allegations would need to at least implicate a *federal* claim against the named defendants. King *may* have a federal claim if any of the defendants were governmental actors who took actions against King within the scope of their official duties that violated her constitutional rights. She may also have a claim if any of the defendants violated a federal statute, regardless whether they are governmental actors. Unfortunately, King's complaints do not contain sufficient detail to reach this conclusion as to any of the named defendants -- such as, who they are, where they work or even what *specific* actions they took against her. Instead, her complaints consist of descriptions of generalized harm she has suffered. Without more detail, it is impossible to determine whether King may have any viable federal claims against any of the defendants.

By now, King should also understand that another problem with her complaints is that she appears to be raising challenges to various state court proceedings and rulings. For example, she references "custody" decisions, injunction proceedings, mental health commitment proceedings and record requests with state courts. As this court has explained to King previously, a federal district court generally cannot review state court decisions, although the United States Supreme Court may.

With respect to child custody decisions in particular, those fall within the area of family or domestic relations, which is governed *exclusively* by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (*quoting In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues, which belong in state court. *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

More generally, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as a denial of visitation or a state-court-ordered injunction or restraining order. The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416

(1923). For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rocker-Feldman* to a Wisconsin child-custody decision).

Because King has failed to plead facts establishing jurisdiction in any of her four new complaints, she may not proceed with any of the lawsuits unless she files amended complaints that fix these problems. For reasons explained above, and in past decisions involving King, it seems unlikely that this court can exercise jurisdiction over the matters referred to in these four complaints. Should she nevertheless choose to file an amended complaint in any of these cases, she should draft it as if she is telling a story to someone who knows nothing about her situation. This means she should explain: (1) what happened to make her believe she has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist her in relation to those events. As part of her pleading, King is also obligated to identify any part of the disputed matter that was presented to any state court, which court(s), and the outcome. She should also take care to identify each defendant and the specific actions taken by each defendant that she believes violated her rights. She should also make clear whether each defendant is a governmental employee or not. Finally, King should set forth her allegations in separate, numbered paragraphs using short and plain statements.

After she finishes drafting a complaint, King should further review it and consider whether it could be understood by someone who is not familiar with the facts of her cases. If not, she should make necessary changes. King may have until **December 14, 2016** to provide an amended complaint in each of her cases. The court will dismiss and close any case in which she does not file an amended complaint by that date.

**In the interim, King should refrain from filing any new cases naming the same defendants and containing the same sort of allegations and claims she is making in these four lawsuits.** Repetitive claims can be considered malicious and are grounds for dismissal under 28 U.S.C. § 1915(e)(2). *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1983) (noting that it is "malicious" for a pro se litigant to file a lawsuit that duplicates allegations of another lawsuit by the same plaintiff) (citations omitted). Additionally, King has now been warned multiple times that this court cannot review state court orders and decisions, particularly involving custody disputes and family affairs. King should not include such claims in her amended complaints and should not file any new cases containing such claims. If she continues to do so, this court will consider imposing monetary sanctions against her.

ORDER

IT IS ORDERED that:

1. Plaintiff Melissa Sue King's motions for injunctive relief (dkts. ##4, 5, 11 and 12 in 16-cv-271-wmc, dkts. ##4, 10 and 11 in 16-cv-272-wmc, dkts. ##9 and 10 in 16-cv-354-wmc; and dkts. ##3, 10 and 11 in 16-cv-493-wmc) are DENIED.

    2.    Plaintiff may have until **December 14, 2017** to file an amended complaint in each of these cases that establishes the court's subject matter jurisdiction and address the problems identified in this order. If plaintiff fails to respond by that date, the clerk of court is directed to close all of these cases.

Entered this 16th day of November, 2016.

                      BY THE COURT:

                      /s/

                      _____
                      WILLIAM M. CONLEY
                      District Judge